UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-360-H

GREENE & COOPER, LLP                                                    PLAINTIFF

V.

KMA INSURANCE AGENCY, INC., et al.                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

Defendant, KMA Insurance Agency, Inc. ("KMA"), has moved to dismiss this complaint on the grounds that it is not the Plan Administrator for the Greene & Cooper employee benefit plan (the "Plan") and, therefore, is not responsible for any failure to provide appropriate COBRA benefit notices under ERISA.

To clarify matters, the Court held a telephone conference among all parties. On the basis of that conference and subsequent filings, the Court understands that KMA acted as insurance agent for Plaintiff in regard to the placement of its health plan. KMA was not the Plan Administrator for its ERISA plan. Nor was KMA the agent for placement of the dental or vision plans. Another agent, Paul Anderson of Arision Insurance Services, procured that coverage through CompBenefits, which is associated with Humana. Therefore, KMA had no fiduciary obligation to notify Humana of its COBRA responsibilities. The Plan Administrator was actually Anthem Blue Cross-Blue Shield ("Anthem"). Through KMA, Plaintiff notified KMA that COBRA notices would be necessary. KMA provided notice to Anthem concerning the health benefits. Anthem never undertook responsibility for COBRA administration other than

for health benefits.

COBRA requires an employer under a plan to notify the Plan Administrator of a qualifying event within thirty (30) days of the date of the qualifying event. 29 U.S.C. § 1166(a)(2). Here, the qualifying event was the termination of various employees. Thereafter, the Plan Administrator is under a duty to notify the discharged employee of his COBRA rights within fourteen days. 29 U.S.C. § 1166(a)(4) and (c). Consequently, it is quite clear that, under ERISA, Anthem had the statutory obligation to provide a COBRA notice. Whether Anthem failed in the obligation as to the dental and vision plans is not a matter which this Court must decide.

More to the point, Plaintiff has not provided the Court with any other factual or legal arguments which would suggest a valid cause of action against KMA. It had no such obligation under ERISA. And, because KMA was not the agent for procurement of dental and vision coverage, it had no other ERISA fiduciary responsibilities. For these reasons and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that KMA's motion to dismiss is SUSTAINED and Plaintiff's claims against it are DISMISSED WITH PREJUDICE. This is a final order.

cc: Counsel of Record